UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE LOCKLEAR,

    Petitioner,

v.                                                   Case No. 8:05-cv-993-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Locklear petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for aggravated battery, for which conviction Locklear serves fifteen years. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 14). The respondent admits the petition's timeliness (Response at 4 Doc. 14).

## **FACTS**[1]

On October 2, 1999, Andrew Hadd, while walking in the mobile home park in which he lived, approached a neighbor, Thaxton Cornwell, who was sitting on the steps of his home. As he approached Cornwell, Hadd was struck on the head from behind by another neighbor, Eugene Locklear, and knocked to the ground. Locklear continued hitting Hadd and Cornwell commenced kicking Hadd in the face. Locklear used a "2x2 piece of fence post" to repeatedly strike Hadd. The attack caused Hadd to both lose

---

[1] This summary of the facts derives from Locklear's Anders brief on direct appeal (Respondent's Exhibit 2).

several teeth and endure several surgeries to stabilize his facial bones (eight metal plates were required) and bolt together his jaw.  The jury rejected Locklear's claim of self-defense and found him guilty of aggravated battery.  Appointed counsel filed an Anders brief on direct appeal.

The respondent correctly argues that several procedural obstacles preclude review of the merits of Locklear's petition.  A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").  Additionally, to avoid a procedural default, a petitioner must present each claim to the state courts in the procedurally correct manner.  Upshaw v. Singletary, 70 F.3d at 579 ("In Florida, in non-death penalty cases, the applicant must have apprised a district court of appeal.").  Locklear never presented to the district court of appeal his claims of ineffective assistance of trial counsel because he failed to appeal the denial of his first Rule 3.850 motion for post-conviction relief and his subsequent Rule 3.850 motions were rejected as

second or successive. Consequently, the claims of ineffective assistance of trial counsel asserted in ground two are both unexhausted and procedurally defaulted.

In ground one Locklear alleges that "appellate counsel's failure to argue that the justifiable use of deadly force instruction was reversible error constituted ineffective assistance of appellate counsel." The trial court charged the jury with the standard jury instruction for justifiable use of deadly force. Consequently, trial counsel offered no objection to the instruction (Transcript of Trial Proceedings at 206-09, Respondent's Exhibit 1, vol. III) and trial counsel was not ineffective for not objecting. Thompson v. State, 759 So.2d 650, 665 (Fla. 2000) ("[T]rial counsel's failure to object to standard jury instructions that have not been invalidated by this Court does not render counsel's performance deficient."). Likewise, appellate counsel was not ineffective for failing to raise the challenge on direct appeal. See Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) ("[C]ounsel's failure to advance errors on appeal later gaining 'judicial recognition' does not constitute unconstitutional aid . . . ."). As a consequence, based on the then-controlling state law, appellate counsel was not ineffective for omitting an unpreserved issue.

Accordingly, Locklear's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Locklear and close this case.

ORDERED in Tampa, Florida, on February 20, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE